*Judge Pauley*    **04 CV    8270**

Levisohn, Berger & Langsam, LLP
805 Third Avenue
New York, New York 10022
(212) 486-7272
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN  DISTRICT OF NEW YORK



RECEIVED
OCT 20 2004
U.S.D.C. S.D. N.Y.
CASHIERS

---

ANDEL JEWELRY CORP.,

    Plaintiff,

v.

ALISON GEM CORP., "JOHN DOE, INC. 1" AND
"JOHN DOE, INC. 2,"

    Defendants.

---

COMPLAINT    AND    JURY
DEMAND

Civil Action No.

## COMPLAINT

Plaintiff Andel Jewelry Corp. (hereinafter "Plaintiff" or "Andel") by its attorneys Levisohn, Berger & Langsam, LLP for its Complaint against the Defendants alleges:

### I. JURISDICTION AND VENUE

1.  This action is a civil action arising under the Copyright Laws of the United States, 17 U.S.C. §§ 101, et seq.

2.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. § 1331.



3.  Venue lies in this district pursuant to 28 U.S.C. §§1391 (b) and (c) and 28 U.S.C. §1400 (a).

4.  A substantial part of the events giving rise to these events occurred in this district and on information and belief, defendants reside in this district within the meaning of 28 USC §§ 1391 (b) and (c).

## II. THE PARTIES

5.  Plaintiff Andel is a corporation of the State of New York having offices at 31-00 47th Avenue, Long Island City, New York 11101.

6.  Upon information and belief, Defendant Alison Gem Corp. ("Alison") is a corporation of the State of New York, doing business in New York with its principal place of business at 1212 Avenue of the Americas, New York, New York 10036.

7.  Upon information and belief, "John Doe, Inc. 1" is a retailer, whose actual name and identity are not presently known by plaintiff, and is an entity who has purchased the allegedly infringing jewelry from Defendant Alison and offered it for retail sale to the public.

8.  Upon information and belief, "John Doe, Inc. 2" is a manufacturer, whose actual name and identity are not presently known by plaintiff, and is an entity who has manufactured the allegedly infringing piece and sold it to Defendant Alison.

2

### III.  The Copyright Registration

9.    Plaintiff Andel is in the business of designing, manufacturing and selling jewelry.

10.   Plaintiff is the owner of U.S. copyright registration VA 1-218-413 issued with an effective date of registration of December 4, 2003 by the United States Copyright Office for the work titled "10K Diamond Pendant" for a jewelry design (the "Copyrighted Work").

11.   A true copy of the Certificate of copyright registration with a copy of the deposit copy is attached hereto as Exhibit A.

12.   Plaintiff has the right to sue and recover for any and all infringements of said Copyright Registration.

### IV.    Defendants' Acts of Infringement

13.   Upon information and belief, Defendant Alison is in the business of manufacturing and selling jewelry, and does business throughout the United States, including in New York City.

14.   On information and belief, Defendant Alison began in or about 2004 to sell and continues to sell infringing copies of the Copyrighted Work or portions of the Copyrighted Work (the "Infringing Copies") throughout the United States and in this jurisdiction.

3

15.   Attached hereto as Exhibit B is an example of one of Defendant Alison's
      Infringing Copies.


                              CLAIM I

                        (Copyright Infringement)

16.   The Copyrighted Work contains material wholly original to Plaintiff and
      constitute copyrightable subject matter according to the laws of the United
      States.

17.   On information and belief, since in or about a date unknown in 2004,
      Defendants have each infringed Plaintiff's rights to the Copyright Registration
      in the Copyrighted Work by selling and/or placing upon the market in this district
      and elsewhere infringing goods, which were copied wholly from the
      Copyrighted Work and which are respectively substantially similar to the
      Copyrighted Work or portions of the Copyrighted Work.

18.   On information and belief, defendants have and continue to sell the Infringing
      Copies to the public and such acts constitute infringement of the Copyright
      Registration.

19.   On January 28, 2004 plaintiff, by its attorneys, sent a letter to Defendant
      Alison, *inter alia*, informing Defendant of Plaintiff's rights with respect to the

                                  4

Copyrighted Work and Registration and demanding that Defendant terminate its infringing activities.

20.     For the last several months, Alison has led Andel to believe it would terminate its activities on the accused item and settle financial claims. Unfortunately, defendants continue to infringe the rights of plaintiff in spite of prior representations to the contrary.

21.     The infringement of the Copyright Registration by Defendants is willful.

22.     Defendants have each offered for sale and sold and, on information and belief, are continuing to offer for sale and sell Infringing Copies that infringe the aforesaid Copyright Registration.

23.     By reason of the foregoing, plaintiff has been injured in an amount not yet ascertained.

24.     Unless enjoined by this Court, as requested below, defendants will continue their acts of infringement and plaintiff will suffer irreparable injury and has no adequate remedy at law.


**RELIEF REQUESTED**


WHEREFORE, plaintiff prays that Judgment be entered against Defendants, jointly and severally, as follows:


5

1.    For Judgment that each Defendant has infringed the Copyright Registration and that plaintiff be awarded damages in the amount of all profits of each Defendant resulting from the infringement of the Copyright Registration and/or from each Defendant's unjust enrichment as set forth herein or in the alternative at Plaintiff's election, awarding statutory damages and increased statutory damages, provided by 17 U. S. C. Section 504(c)(1) and (2) in an amount to be set by the Court, among other relief;

2.  For an Order enjoining and restraining Defendants from:

    a)    making, using, offering for sale, selling, marketing, displaying, distributing and advertising any works infringing the Copyright Registration,

    b)    continuing the acts of copyright infringement set forth herein, and from engaging in any additional acts of copyright infringement against plaintiff;

    c)    Ordering Defendants to turn over to the Court or to plaintiff, or to destroy within ten (10) days from the entry of any Final Judgment or Preliminary Decree entered in this action, all property owned by defendants that are unlawfully created copies of plaintiff's distinctive works, all molds and models owned by defendants used to create said infringing jewelry, any infringing product literature owned by defendants, and all other works owned by defendants that infringe Plaintiff's

copyright, including an award of costs incurred by plaintiff for the destruction of said articles.

3.    Awarding Plaintiff costs and expenses, including reasonable attorney's fees, pursuant to 17 U.S.C. Section 505;

4.    Awarding such other and further relief as this Court deems just and proper.

<u>JURY DEMAND</u>

Plaintiff demands a trial by jury.

Dated:    New York, New York
          October 19, 2004

                    LEVISOHN, BERGER & LANGSAM, LLP

          By:_____
                    Peter L. Berger (PB 0121)
                    Marilyn Neiman (MN 6194)
                    805 Third Avenue
                    New York, NY 10022
                    (212) 486-7272
                    Fax: (212) 486-0323
                    ATTORNEYS FOR PLAINTIFF

7